IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-50020
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE JUAREZ-RIVERA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-95-CR-32(1)
- - - - - - - - - -
August 30, 1996

Before DAVIS, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Juarez-Rivera appeals his convictions for conspiracy to possess with intent to distribute marijuana, conspiracy to import marijuana, possession with intent to distribute marijuana, and importing marijuana. He contends that the prosecutor violated his Sixth Amendment right to compulsory process by intimidating his prospective witness into refusing to testify on his behalf, the district court erred in allowing that

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

witness to invoke his Fifth Amendment privilege against self-incrimination, the witness should have been granted immunity by the district court, and the district court abused its discretion in refusing to allow an alleged exculpatory statement made by the witness into evidence.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed.  The prosecutor's comments to Juarez-River's prospective witness do not rise to the level of a due process violation.  See United States v. Viera, 839 F.2d 1113, 1115 (5th Cir. 1988) (en banc).  There was no abuse of discretion in the district court's deferral to the witness's invocation of the Fifth Amendment.  United States v. Follin, 979 F.2d 369, 374 (5th Cir. 1992), cert. denied, 509 U.S. 908 (1993).  The district court did not abuse its discretion in refusing to admit into evidence the alleged exculpatory statement.  United States v. Campbell, 73 F.3d 44, 47 (5th Cir. 1996).  Finally, we do not consider Juarez-Rivera's argument that his witness should have been granted immunity because the argument is not adequately briefed.  See L & A Contracting Co. v. Southern Concrete Serv., Inc., 17 F.3d 106, 113 (5th Cir. 1994).

Accordingly, the judgment is AFFIRMED.